```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
: 
THE SOUNDKILLERS, LLC,                  :
:
              Plaintiff,        :        14-cv-7980 (KBF)
:
    -v-                                  :
:        OPINION & ORDER
YOUNG MONEY ENTERTAINMENT, LLC and :
CASH MONEY RECORDS, INC.,               :
:
              Defendants.       :
:
------------------------------------------------------------------ X
KATHERINE B. FORREST, District Judge:

      On October 2, 2014, plaintiff The Soundkillers, LLC ("The Soundkillers" or "plaintiff") initiated this diversity breach-of-contract action against defendants Young Money Entertainment, LLC ("Young Money") and Cash Money Records, Inc. ("Cash Money," and collectively with Young Money, "defendants").  (ECF No. 1 ("Compl.").)  The Complaint alleges that defendants owe plaintiff money for production services in connection with a musical recording.  (See Compl. ¶¶ 1, 2.)

      Plaintiff served the Summons and Complaint on Cash Money and Young Money on December 15, 2014 and December 22, 2014, respectively.[1]  (ECF Nos. 11, 12.)  To date, defendants have failed to answer or otherwise respond to the

---

[1] On October 31, 2014—before serving defendants with the Summons and Complaint—plaintiff served defendants with the Complaint and a Waiver of the Service of Summons.  (ECF Nos. 9, 10.)  Defendants failed to return the waiver.

Complaint; they have not appeared or sought to defend themselves at any time during this litigation.[2]

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court must follow a two-step process before entering a default judgment.  First, under Rule 55(a), the clerk of court must determine that the party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend" itself, and then enter that party's default.  See Fed. R. Civ. P. 55(a).  Second, under Rule 55(b)(2), the party seeking affirmative relief must apply to the court for a default judgment.  See Fed. R. Civ. P. 55(b)(2).

On January 13, 2015, plaintiff obtained certificates of default against defendants.  (ECF Nos. 13, 14.)  On January 15, 2015, plaintiff filed and served a motion for default judgment against defendants.[3]  (ECF Nos. 15, 19, 20.)  On January 21, 2015, the Court issued an order directing defendants to show cause why default judgment should not be entered against them and scheduled a hearing for February 18, 2015.  (ECF No. 21.)  Plaintiff served the Court's January 21, 2015 Order by mail on January 22, 2015.  (ECF Nos. 22, 23.)  Defendants failed to appear at the default judgment hearing,[4] and as aforementioned, have not otherwise sought to defend themselves at any point during this action.

---

[2] The Court scheduled two conferences—an initial pretrial conference and a default judgment hearing.  Defendants were served with the orders setting the dates of those conferences (see ECF Nos. 22, 23, 26-33), but did not appear at either one.

[3] Plaintiff refiled the motion for default judgment on January 20, 2015.  (ECF No. 16.)

[4] By Order dated February 5, 2015, the Court rescheduled the default judgment hearing from 9 a.m. on February 18, 2015 to 1:30 p.m. on the same day.  (ECF No. 24.)  Plaintiff served the February 5, 2015 Order on defendants by mail on the day that the Order was issued.  (ECF Nos. 26, 27.)

For the reasons set forth below, the Court hereby enters default judgment as against both defendants.

I.  DISCUSSION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship.

    A.  Liability

Before entering a default judgment, the Court must review the complaint to determine whether plaintiff has stated a valid claim for relief.  See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) ("A default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all.").

For the reasons set forth below, the Court finds that the facts alleged in the Complaint support liability for breach of contract.[5]

To establish a claim for breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Landmark Ventures, Inc. v. Wave Sys. Corp., 513 F. App'x 109, 111 (2d Cir. 2013) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)) (internal quotation marks omitted).

---

[5] In light of this finding, it is unnecessary to address plaintiff's claim for unjust enrichment.

Here, plaintiff has pleaded sufficient facts to establish all four elements of a breach-of-contract claim.  First, plaintiff alleges that it entered into a written contract (the "Producer Agreement") with Young Money to furnish the production services of Ramon Owen to Young Money in connection with a master sound recording (the "Master Recording").  (See Compl. ¶¶ 9, 10, Ex. A.)  According the Complaint, Cash Money distributed the Master Recording that plaintiff produced (id. ¶ 13), and owed a duty "to account directly to [p]laintiff as to all royalties accruing or which otherwise would have accrued pursuant to the Producer Agreement" (id. ¶ 14).  Second, plaintiff alleges that it adequately performed the contract by furnishing the agreed-upon production services.  (See id. ¶¶ 11-13, 15.)  Third, plaintiff alleges that defendants breached the contract by failing to pay plaintiff the monies due under the Producer Agreement.  (See id. ¶¶ 24-26.)  Finally, plaintiff alleges that it suffered damages at least in the amount of $91,841.50—the amount listed on a Royalty Statement issued on December 31, 2012—plus prejudgment interest.  (See id. ¶¶ 20, 25, WHEREFORE Cl., Ex. B.)

Accordingly, this Court finds defendants liable for breach of contract.

B.   Damages

While a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).  On a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir.

4

1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.</u>, 109 F.3d 105, 111 (2d Cir. 1997)).  To determine the damages owed, courts often conduct an inquest hearing, but such a hearing is not required.  <u>See</u> <u>Cement</u>, 699 F.3d at 234 ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." (quoting <u>Tamarin v. Adam Caterers, Inc.</u>, 13 F.3d 51, 54 (2d Cir. 1993)) (internal quotation marks omitted)).

Here, plaintiff seeks to recover the principal amount of $91,841.50; prejudgment interest at the rate of 9% per annum from December 31, 2012; attorney's fees in the amount of $3,500.00; costs in the amount of $120.00; and a full accounting of producer royalties beyond the December 31, 2012 Royalty Statement.  (<u>See</u> Plaintiff's Memorandum of Law in Support of its Motion for Default Judgment at 6-7, 9-10, ECF No. 17.)  Plaintiff requests an inquest upon receipt of the full and updated accounting.  (<u>See</u> <u>id.</u> at 9.)

    1.    <u>Principal Amount</u>

Plaintiff seeks to recover the principal amount of $91,841.50.  Plaintiff has provided to the Court a Royalty Statement dated December 31, 2012 in the total amount of $91,841.50.  (Compl. Ex. B.)  This Royalty Statement was issued by Cash Money and lists The Soundkillers as "payee."  (<u>See</u> <u>id.</u>)  Plaintiff has also provided to the Court a Cure Notice and a Notice of Material Breach—which were sent to defendants in connection with their failure to pay the amount reflected in the Royalty Statement.  (<u>See</u> Compl. Exs. C, D.)  These documents are sufficient to

support the principal amount claimed by plaintiff with reasonable certainty.

Accordingly, the Court grants plaintiff's request for $91,841.50.

    2.    <u>Interest</u>

Plaintiff seeks prejudgment interest at the rate of 9% per annum from December 31, 2012. New York law provides that prejudgment interest of 9% is to be awarded in breach-of-contract cases. <u>See</u> N.Y. C.P.L.R. §§ 5001(a), 5004; <u>see also</u> <u>New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.</u>, 352 F.3d 599, 606 (2d Cir. 2003) ("[U]nder New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract. N.Y. C.P.L.R. § 5001(a) makes such interest mandatory." (citation and internal quotation marks omitted)). Accordingly, the Court grants plaintiff's request for prejudgment interest at the rate of 9% per annum from December 31, 2012—"the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b).

    3.    <u>Attorney's fees and costs</u>

Plaintiff seeks $3,500.00 in attorney's fees and $120.00 in costs for service of process. Plaintiff relies on Rule 4(d)(2) of the Federal Rules of Civil Procedure, which provides:

> <u>Failure to Waive</u>. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>     (A) the expenses later incurred in making service; and
>     (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

6

On October 31, 2014, plaintiff served defendants with the Complaint and a Waiver of the Service of Summons pursuant to Rule 4(d)(1).  (ECF Nos. 9, 10.) Upon defendants' failure to return the waiver form within the time required under Rule 4(d), plaintiff effected service on defendants using alternate means.

Rule 4(d)(2) entitles plaintiff to recover the $120.00 in costs for service of process.  However, plaintiff's request for $3,500.00 in attorney's fees is clearly excessive.  Rule 4(d)(2) entitles plaintiff to recover "reasonable" attorney's fees incurred in the preparation of any motion "to collect . . . service expenses."  Fed. R. Civ. P. 4(d)(2).  Plaintiff cannot recover attorney's fees incurred in connection with other aspects of the instant motion for default judgment.  See <u>A I Marine Adjusters, Inc. v. M/V SIRI BHUM</u>, No. 05 CIV. 7227 LBS THK, 2007 WL 760415, at *7 (S.D.N.Y. Feb. 8, 2007).

Plaintiff's counsel has not submitted any documentation supporting the hours worked and the rates claimed.  In particular, the Court does not have any information as to how much time counsel spent preparing the aspect of the default motion addressing service expenses.  Accordingly, the Court cannot award attorney's fees at this time.

    4.    <u>Accounting</u>

Finally, plaintiff seeks a full and updated accounting.  Plaintiff alleges that the Master Recording and the album embodying the Master Recording (the "Album") "have had further sales since December 31, 2012," but defendants have failed to provide plaintiff with an accounting of producer royalties beyond the

December 31, 2012 Royalty Statement—"despite demand, and despite the clear contractual language requiring them to do so." (Compl. ¶ 43.) Accordingly, the Court grants plaintiff's request for an accounting.

II.     CONCLUSION

The Court hereby finds defendants liable for breach of contract. Defendants are liable for $91,841.50 plus interest accumulating at a rate of 9% per annum from December 31, 2012, as well as $120.00 in costs.

Plaintiff shall serve a copy of this Order on defendants not later than **Thursday, February 26, 2015**, and file proof of service on ECF. Defendants shall, within **14 days** of the date of service of this Order, provide plaintiff's counsel and the Court with a full and updated accounting for all sales of the Master Recording and the Album to date, as well as all royalties to which plaintiff is entitled beyond the December 31, 2012 Royalty Statement. The Court will decide whether to conduct an inquest hearing upon receiving this information.

Plaintiff's counsel may submit a revised request for attorney's fees not later than **Thursday, February 26, 2015**.

SO ORDERED.

Dated:     New York, New York
           February 19, 2015

_____
     KATHERINE B. FORREST
     United States District Judge