

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SOUNDKILLERS LLC,

                Plaintiff,

-against-

YOUNG MONEY ENTERTAINMENT, LLC;
CASH MONEY RECORDS, LLC,

                Defendants.

14cv7980 (KBF) (DF)

**CERTIFICATION OF FACTS AND REPORT AND RECOMMENDATION**

**TO THE HONORABLE KATHERINE B. FORREST, U.S.D.J.:**

After a default judgment was entered against defendants Young Money Entertainment, LLC ("Young Money") and Cash Money Records, Inc. ("Cash Money") (collectively, "Defendants") in the above-captioned action, both Defendants failed to respond to information subpoenas served by Plaintiff in an effort to obtain information necessary to enforce the judgment. This led the Court (the Honorable Katherine B. Forrest, U.S.D.J.) to order Defendants to attend a hearing to show cause why they should not be held in contempt, and to warn Defendants that, should they fail to appear, the Court would impose a daily fine upon each defendant until it responded to the outstanding information subpoenas. When Defendants then failed to appear at the contempt hearing, Judge Forrest proceeded to impose the stated fines, although without making an explicit contempt finding. As Defendants have failed to pay those fines – and have reportedly still failed to comply with the information subpoenas – Judge Forrest has now referred this action to me to address further issues relating to collection of the judgment, including a newly filed motion by plaintiff The Soundkillers LLC ("Plaintiff"), by which Plaintiff seeks the imposition of further sanctions. (Dkts. 97-99.)

For the reasons set forth below, I hereby (1) certify to Judge Forrest certain facts that would justify a finding that both Defendants are in contempt, and (2) recommend that, based on these certified facts, the Court (a) make explicit its apparent prior finding of contempt, and (b) increase the contempt sanctions previously imposed against Defendants, in order to secure Defendants' compliance with the Orders of the Court.

## BACKGROUND

### A.    Default Judgment Against Defendants

On February 19, 2015, following Defendants' default in this action, Judge Forrest issued a default judgment against Defendants. (Dkt. 34.) By Order dated July 17, 2015, Judge Forrest vacated the default judgment and directed the Clerk of Court to enter an amended judgment in Plaintiff's favor. (Dkt. 70). On July 22, 2015, the Clerk of Court entered final judgment against Defendants in the amount of $140,865.38. (Dkt. 72.)

### B.    Plaintiff's August 2015 Motion To Compel Defendants' Compliance with Information Subpoenas

In an effort to obtain information relevant to the satisfaction of the judgment, Plaintiff mailed information subpoenas to Defendants, pursuant to Section 5224(3) of the New York Civil Practice Law and Rules. Defendants, however, did not respond, and, on August 6, 2015, Plaintiff filed a motion to compel Defendants' compliance with the information subpoenas. (Dkts. 73-75.) In the same motion, Plaintiff asked the Court to hold Edward R. Grauer, Esq. ("Grauer"), and Justin C. Sweeney, Esq. ("Sweeney"), who Plaintiff alleged were the "attorneys and responsible parties for" Cash Money and Young Money, respectively, personally in contempt. (Dkts. 73-75.)

By Order dated August 7, 2015, Judge Forrest directed Defendants to appear before the Court on September 10, 2015, to show cause why they should not be compelled to respond to the

information subpoenas, and warned Defendants that their failure to appear might result in the imposition of sanctions. (Dkt. 77.) By letter dated September 9, 2015, Grauer then requested an additional 30 days to arrange for his client, Cash Money, to provide the information requested in the information subpoenas. (Dkt. 84.) Grauer further stated that "it would be highly unusual and improper" to hold him personally in contempt, as he had not received a copy of the information subpoenas and was not an employee of Cash Money. (*Id.*) By Order dated September 10, 2015, Judge Forrest adjourned the conference, based on the representations contained in Grauer's letter, and granted Grauer's request for an additional 30 days for Defendants to respond to the information subpoenas. (*Id.* (Mem. Endors.).) The Court did not reference Plaintiff's request to hold Sweeney personally in contempt for the noncompliance of Young Money. (*See id.*)

### C. Plaintiff's December 2015 Motion for Contempt, and the Court's January 22, 2016 Sanctions Order

On December 23, 2015, Plaintiff filed a second motion (Dkts. 88-90), asserting that Defendants had not responded to the information subpoenas within the 30-day extension of time granted by the Court's September 10 Order, and asking that the Court find both Defendants in contempt for their continued failure to respond.

This time, by Order dated January 14, 2016, Judge Forrest directed Defendants to appear for a hearing on January 22, 2016, to show cause why they should not be held in contempt for their failure to respond to the subpoenas, expressly warning Defendants in the Order that their failure to appear would result in the imposition of a monetary sanction of $100 per day for each defendant, for the duration of its non-compliance. (Dkt. 93). When Defendants failed to appear at the January 22 contempt hearing, Judge Forrest, by Order dated January 22, 2016, imposed the $100-per-day fines referenced in the January 14 Order, directing that the fines should take effect immediately and remain in effect until Defendants respond to Plaintiff's information subpoenas.

(Dkt. 95 ("January 22 Sanctions Order").) Although, given the language of the Court's January 14 Order, these sanctions were seemingly grounded in Defendants' contempt of Court, Judge Forrest did not make an explicit finding that Defendants were, in fact, in contempt.

### D. Plaintiff's April 2016 Motion for Additional Sanctions, and Judge Forrest's Reference to This Court

On April 11, 2016, Plaintiff filed a motion for additional sanctions, contending that, despite its attempts over a period of nine months to compel Defendants to produce information responsive to the information subpoenas, as well as Judge Forrest's imposition of $100-per-day sanctions, Defendants still had not provided the required information. (Dkts. 97-99.) By Order dated April 12, 2016, Judge Forrest referred this action to this Court to address Plaintiff's motion for additional sanctions, as well as any other issues relating to enforcement of the judgment. (Dkt. 101.)

#### 1. This Court's May 13, 2016 Order

On May 13, 2016, this Court issued an Order (Dkt. 102) that summarized the history of Defendants' non-compliance and directed Defendants to respond fully to the outstanding information subpoenas no later than June 3, 2016. The May 13 Order also warned Defendants that, if they did not do so, then this Court (1) would certify to Judge Forrest facts sufficient to warrant a contempt finding, and (2) would consider recommending additional sanctions, including, but not limited to, an award of attorneys' fees and costs, and/or an increase in the daily fine, for each defendant, from $100 per day to up to $250 per day. (*Id.* at 6.)

This Court further noted in its Order that, although Defendants' individual directors or officers were not named as parties to this action, those individuals could nevertheless be held in contempt if they were shown to have affirmatively caused or facilitated Defendants' violation of a court order, provided that any individuals in question were served with process and personal

jurisdiction requirements were satisfied. (*Id.* at 4.) Thus, this Court stated that, if Plaintiff wished to pursue contempt sanctions against any of Defendants' individual directors or officers, then Plaintiff should supplement its motion so as to identify such individuals, to set forth the bases for Plaintiff's good-faith belief that such individuals were aiding and abetting Defendants' non-compliance with the Court's Orders and that the Court has personal jurisdiction over them, and to request a contempt hearing with respect to their conduct. (*Id.* at 6.)

### 2. **Plaintiff's Supplementation of Its Motion**

Defendants did not respond to the information subpoenas within the allotted time, and, on June 27, 2016, Plaintiff supplemented its pending motion for sanctions to request that the Court schedule a contempt hearing at which certain individuals would be directed to appear. (Dkt. 104.)

Specifically, Plaintiff stated that Grauer should be made to appear and answer for defendant Cash Money's compliance failures; in this regard, Plaintiff attached certain email communications between Grauer and Plaintiff's counsel regarding the transmission of payments owed to Plaintiff by Cash Money Records. (*Id.*, Ex. A.) Plaintiff also stated that Ronald Williams ("Ronald") and Bryan Williams ("Bryan") – who co-founded Cash Money and served as its officers – had aided and abetted its non-compliance with Court Orders "by way of their managerial position[s]" with the corporation. (*Id.* at 2.) As to whether this Court would have personal jurisdiction over these managers, Plaintiff stated only that Cash Money's principal place of business is in New York. (*Id.*)

Finally, with respect to defendant Young Money, this time Plaintiff did not identify Sweeney as the person responsible for non-compliance. Rather, Plaintiff stated that Dwayne Michael Carter ("Carter"), as "the sole member" of the corporation, had aided and abetted its

5

acts of noncompliance, and that Carter "regularly conducted his business activities in [New York] through [Young Money]." (*Id.* at 3.)

## APPLICABLE LAW

### A. Enforcement of Information Subpoena

Under Rule 69 of the Federal Rules of Civil Procedure, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. Fed. R. Civ. P. 69(a)(1). Moreover, the judgment creditor may obtain post-judgment discovery in aid of execution, as provided under either the Federal Rules of Civil Procedure or by the procedure of the state in which the court sits. Fed. R. Civ. P. 69(a)(2). Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment. *See* N.Y.C.P.L.R. § 5223.

Service of an information subpoena may be by registered or certified mail, return receipt requested, and the recipient must respond within seven days. *Id.* § 5224(a)(3). If the recipient does not comply, the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y.C.P.L.R § 2308(b), which provides for a motion to "compel compliance." *AXA Equitable Life Ins. Co. v. Epstein*, 907 N.Y.S.2d 601, 603 (Sup. Ct., N.Y. Cnty., 2010). In ordering compliance with an information subpoena, a court may impose costs not exceeding 50 dollars, and may order that the subpoenaed individual is liable for any damages sustained as a result of the failure to comply with the subpoena. *See* N.Y.C.P.L.R § 2308(b). "Failure to comply with the compelled compliance may then give rise to contempt." *AXA Equitable Life Ins. Co*, 907 N.Y.S.2d at 603.

**B.     Civil Contempt**

Where a district court imposes a remedy to compel compliance with its own order, that remedy may be treated as a sanction imposed upon an order of contempt, even if no finding of contempt is explicitly made. *See E.E.O.C. v. New York Times Co.*, 196 F.3d 72, 80 (2d Cir. 1999) (citing *Berger v. Heckler*, 771 F.2d 1556, 1569 n.19 (2d Cir. 1985)). Any clear violation of a court order may give rise to contempt sanctions, including – as relevant here – an order requiring a party to respond to a state information subpoena or an order requiring the party to appear before the court for a hearing, so as to answer for its failure to respond to such a subpoena. *See, e.g., Giuliano v. N.B. Marble Granite*, No. 11-MD-00753 (JG) (VMS), 2014 WL 2805100, at *5-6 (E.D.N.Y. June 20, 2014). In such circumstances, "[a]lthough New York State law guides the enforcement of the information subpoena, federal standards govern the determination of contempt." *Id.*, at *5.

"Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing." *Leadsinger, Inc. v. Cole*, No. 05cv5606 (HBP), 2006 WL 2266312, at *7 (S.D.N.Y. Aug. 4, 2006) (citing *Drywall Tapers & Pointers of New York v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989)). Once a party has received such notice, it "may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). "Civil contempt sanctions may serve dual purposes, namely 'to secure future compliance with court orders and to compensate the party that has been wronged.'" *Cordius Trust v. Kummerfeld*,

No. 99cv3200 (DLC), 2009 WL 3416235, at *6 (S.D.N.Y. Oct. 23, 2009) (quoting *Paramedics*, 369 F.3d at 657). Although federal courts have "broad discretion" to determine an appropriate contempt sanction, "'a court is obliged to use the least possible power adequate'" to bring about compliance. *Id.* (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)).

Further, while a court's orders generally bind only the parties to an action, a nonparty may nevertheless be held in contempt if that individual affirmatively causes or facilitates a party's violation of a court order. *See Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250-51 (2d Cir. 2002). Thus, the directors or officers of a corporation which is a party to an action may be held personally in contempt for aiding and abetting the corporation's noncompliance with a subpoena or court order, *see Giuliano*, 2014 WL 2805100, at *9-10, provided that these individuals have been served with process and that the Court has personal jurisdiction over them, *see Comverse, Inc. v. Am. Telecomm., Inc., et al.*, No. 07cv11121 (PKL) (HP), *slip op.* (S.D.N.Y. July 9, 2008) (Dkt. 45) (Certification of Facts, Conclusions of Law and Proposed Remedy), at 8-10, *adopted by* 2009 WL 46446 (Feb. 24, 2009). Sanctions that may be imposed against such officers or directors include monetary penalties and the issuance of an arrest warrant directing the director or officer to be brought before the Court to explain the noncompliance. *See id.*; *MCI Telecomm. Corp. v. World Telecomm., Inc.*, No. 96cv0915 (BSJ), 1998 WL 85757, at *2 (S.D.N.Y. Feb. 26, 1998).

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636(e), though, federal magistrate judges have limited civil contempt authority. *See Servaas Inc. v. Republic of Iraq*, No. 09cv1862 (RMB), 2013 WL 5913363, at *2 (S.D.N.Y. Nov. 4, 2013). Accordingly, unless the case is one in which the magistrate judge presides with consent of the parties, "a federal magistrate judge's role with respect to [a motion for contempt] is limited . . . to certifying or declining to certify the

facts constituting contempt." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11cv1590 (LTS) (HBP), 2013 WL 3487350, at *1 (S.D.N.Y. July 12, 2013), *vacated on other grounds*, 784 F.3d 99 (2d Cir. 2015). A magistrate judge may also recommend that certain contempt sanctions be imposed, where warranted by the record. *See Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999).

## CERTIFICATION OF FACTS CONSTITUTING CONTEMPT

Based on the above record of Defendants' conduct to date, I hereby certify the following facts:

1. By Order dated January 14, 2016, both Defendants were directed by the Court to appear for a hearing to show cause why they should not be held in contempt for failure to respond to Plaintiff's information subpoenas.

2. Both Defendants failed to appear for that contempt hearing, despite receiving reasonable notice of the hearing and its purpose. (*See* Dkt. 94 (Affirmation of Service, dated Jan. 15, 2016).)

3. Defendants have made no showing that they diligently attempted to comply with the Court's Order to appear.

4. Despite the fact that the Court proceeded to impose a fine against each defendant until it responded to the information subpoenas, Defendants failed to pay the fines and continued to fail to respond to the subpoenas.

5. After this matter was referred to this Court, this Court issued an Order dated May 13, 2016, by which it required Defendants to respond fully to the outstanding information subpoenas no later than June 3, 2016.

6. This Court's May 13 Order expressly warned Defendants that, if they did not respond to the information subpoenas by June 3, then this Court would certify to Judge Forrest that there are sufficient facts in the record to warrant a finding of contempt.

7. This Court's May 13 Order also warned Defendants that their continued failure to comply with the information subpoenas could result in this Court's recommendation that further sanctions be imposed for Defendants' contempt, including an award of attorneys' fees and costs and/or an increase in the daily fines that were previously ordered.

8. Defendants were served with a copy of this Court's May 13 Order. (*See* Dkt. 103 (Affirmation of Service, dated May 25, 2016).)

9. Defendants failed to respond to the information subpoenas by June 3, 2016, or at any time thereafter.

10. To date, Defendants have not contacted this Court or otherwise indicated that they have made any attempt to comply with this Court's May 13 Order.

### RECOMMENDATION

In light of the above, this Court respectfully recommends the following:

First, in light of the facts certified above, which show clearly and convincingly that, at the time of Judge Forrest's January 22 Sanctions Order, Defendants had already failed to comply with a Court Order to appear before the Court (to show cause why they should not be held in contempt for failing to respond to Plaintiff's information subpoenas), and had not attempted diligently to comply with that Order, *see Paramedics*, 369 F.3d at 655, I recommend that the Court clarify that its fine of $100 per day was imposed pursuant to a finding of contempt, *see New York Times Co.*, 196 F.3d at 80 (holding that sanction to compel compliance may be treated as contempt sanction even without explicit contempt finding).

Second, given that Defendants have now failed to comply with *two* clear Court Orders – including both Judge Forrest's January 14, 2016 Order that they appear for a hearing to answer for their failure to respond to the information subpoenas, and this Court's May 13, 2016 Order that they respond fully to those subpoenas by June 3, 2016 – and that Defendants were duly warned, both times, that they could face contempt sanctions for their failure to comply, but have made no attempt to do so, I recommend that the Court impose the following progressive sanctions, as the least severe contempt sanctions that would be adequate to secure compliance, *see Cordius Trust*, 2009 WL 3416235, at *6:

1. The immediate imposition of (a) an award against Defendants, jointly and severally, of the attorneys' fees and costs incurred by Plaintiff in connection with its August and December 2015 motions to compel Defendants to respond to the information subpoenas (in an amount to be determined by the Court based on a fee submission by Plaintiff), and (b) an increased daily fine, for each defendant, in the amount of $250 per day, to be paid to the Clerk of Court, from the date of the Court's Order until Defendants respond fully to the outstanding information subpoenas.

2. If, *after 30 days from the date of the Court's Order,* Defendants have still not responded to the information subpoenas, then an increase in the amount of the daily fine, for each defendant, to $500 per day, to be paid to the Clerk of Court, for the duration of Defendants' noncompliance with the information subpoenas.

3. If, *after 60 days from the date of the Court's Order,* Defendants have still not responded to the information subpoenas, then a direction to the United States Marshals Service to seize assets maintained by Defendants in this jurisdiction, sufficient to satisfy the fines accrued as of the date of any such seizure.

4. If, *after 90 days from the date of the Court's Order,* Defendants have still not responded to the information subpoenas, then a direction to the United States Marshals Service to go to the New York City premises maintained by

> Defendants and to lock those premises until such date as
> Defendants respond adequately to the information
> subpoenas.

As to the individuals against whom Plaintiff has sought sanctions – Grauer, Ronald, Bryan, and Carter – this Court is unable, at this time, to certify that there are sufficient facts in the record to justify a finding that they be held personally in contempt. With respect to Grauer, the communications offered by Plaintiff merely suggest that Grauer actually attempted to facilitate payment of the judgment by his client, but was ultimately unsuccessful. As for Ronald, Bryan, and Carter (none of whom apparently reside in New York State), the factual allegations contained in Plaintiff's June 27, 2016 supplemental submission, even if true, would not demonstrate that the exercise of personal jurisdiction over those individuals would be consistent with state-law or constitutional standards. *See Bonita Fabrics, Inc. v. Anand*, No. 12mc408, 2014 WL 406837, at *4 (S.D.N.Y. Feb. 3, 2014) ("For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." (citation omitted)); *Pramer S.C.A. v. Abaplus Int'l Corp.*, 907 N.Y.S.2d 154, 158 (1st Dep't 2010) ("[C]laims against a corporate defendant, if jurisdictionally viable, do not provide a basis for personal jurisdiction over a corporate official or employee who acts on behalf of the corporation.").

If, in the future, Plaintiff is able to demonstrate a jurisdictional basis for this Court to require Ronald, Bryan, and/or Carter to appear in this Court and answer for Defendants' failures to comply with Court Orders, then this Court will, at that time, revisit whether contempt sanctions against any of these individuals may be warranted. In aid of execution of the judgment, Plaintiff may, of course, take appropriate steps to secure the testimony of these

individuals in the districts of their residence; such testimony may assist Plaintiff in identifying corporate assets that are available to satisfy the judgment, and may also yield information relevant to the question of whether this Court has jurisdiction over these individuals, for purposes of requiring them to answer for Defendants' non-compliance.

Finally, in light of the above, I recommend that the Court direct the Clerk of Court to terminate Plaintiff's pending motions, reflected on the Docket at Dkts. 88 and 97.

* * *

Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants, and to file proof of such service on the Docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Katherine B. Forrest, United States Courthouse, 500 Pearl Street, New York, New York 10007, Room 1950, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Forrest. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBEJCTIONS AND WILL PRECULDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v.*

*Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 2, 2016

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Plaintiff's counsel (via ECF)